**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DAVID HAWTHORNE** **PLAINTIFF**

**v.** **CAUSE NO. 3:11cv518-CWR-FKB**

**TRUCK TRAILER AND EQUIPMENT, INC.** **DEFENDANT**

# ORDER

This age discrimination case is before the Court on a Motion for Summary Judgment filed by Defendant Truck Trailer and Equipment, Inc. ("TT&E") [33]. Because the Court concludes that Plaintiff has presented sufficient direct evidence of age discrimination to defeat summary judgment under the test used in the Fifth Circuit, the motion is denied.

## I. Factual and Procedural History

Plaintiff David Hawthorne began his employment with TT&E on September 1, 1971. Hawthorne was originally hired by TT&E President J.W. Fielder as a bookkeeper, but during his nearly 40-year tenure with TT&E, Hawthorne also assumed responsibility for inventory purchasing and as the office manager. In 1996, J.W. Fielder's son, Allen Fielder, joined TT&E in its sales department. Allen Fielder was later promoted to Vice President of TT&E, and in the last few years, Allen Fielder has taken over the day-to-day operations of TT&E.

About a year before Hawthorne's termination, Hawthorne and Allen Fielder had a casual discussion about the future of TT&E in which Allen Fielder told Hawthorne that he perceived the company's success under his father to be attributable to the fact that J.W. Fielder "hired people—he had people working for him that were about his same age . . . ." Mot. Summ. J. [33] Ex. 4, Hawthorne Dep. 102. Allen Fielder went on to tell Hawthorne that he, too, wanted "people working around him that were about his same age . . . ." *Id.* at 103.

At some point during the final years of Hawthorne's employment, TT&E's outside accountant, Brett Matthews, became aware that the Fielders "wanted to make changes to [Hawthorne's] position . . . , specifically, that they were was [sic] interested in hiring someone . . . with a stronger financial and accounting background."  Mot. Summ. J. [33]  Ex. 7, Matthews Aff. ¶ 2.  Matthews recommended that the Fielders reach out to Alan Roberts, and the Fielders met with Roberts on two occasions before approaching Hawthorne about any changes.  *See* Mot. Summ. J. [33] Ex. 2, J.W. Fielder Dep. 32–33.

On March 24, 2011, Allen Fielder asked Hawthorne about his plans for the future.  When Hawthorne told Allen Fielder that he had no plans to retire, Allen Fielder responded, "At your age, David, you hadn't even thought about retiring?  You hadn't made any plans to retire?"  Hawthorne Dep. 79.  Allen Fielder also told Hawthorne at that time that he had met with an individual with expertise in the field of finance and indicated that he thought "that's what [TT&E] need[s]."  *Id.* at 80.  On March 28 or 29, 2011, Hawthorne met with both Fielders, who asked him to retire or resign his employment.  Hawthorne expressed disbelief that J.W. Fielder was trying to force him out of TT&E, "after all these years," to which J.W. Fielder replied, "David, I didn't hire you for life."  Hawthorne Dep. 82; *see* J.W. Fielder Dep. 36.  Hawthorne refused to retire or resign, and the Fielders told him they would get back to him in a few days.

On April 1, 2011, Allen Fielder gave Hawthorne a termination notice, indicating that he had "made the decision to make changes in [Hawthorne's] department and more specifically [Hawthorne's] position."  Pl.'s Resp. [38] Ex. 1, Termination Notice.  The termination notice went on to offer Hawthorne the opportunity to stay in his current position[1] through May 31,

---

[1] In that "position", Hawthorne wore a number of hats:  controller, accountant, office manager, and purchase agent. Mot. Summ. J. [33] Ex. A, EEOC Charge, at 1.

2011, during which time he would work to transition his job duties to Roberts and others at TT&E,[2] and promised to pay Hawthorne an "additional $4,000 plus the monetary value of unused earned vacation" if he accepted the offer. *Id.* Hawthorne declined the offer, and his termination became effective on April 1, 2011. At the time, Hawthorne was 73 years old.

On May 18, 2011, Hawthorne filed an EEOC charge against TT&E, asserting a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"). The EEOC issued a notice of right to sue on July 27, 2011, and Hawthorne filed this lawsuit on August 15, 2011. At the close of discovery, TT&E filed its motion for summary judgment. The Court has personal and subject matter jurisdiction.

## II. Legal Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing

[2] In other words, Hawthorne would have to agree to train his incoming replacement and the other TT&E staff so that they could perform his many duties. *See* Pl.'s Resp. [38] Ex. 3, Hawthorne Aff. ¶ 11.

that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court neither may "make credibility determinations[,] weigh the evidence," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted) nor can it draw from the facts legitimate inferences for the movant. *Adams v. May*, - - - F.Supp.2d - - -, No. 4:11cv75-CWR-LRA, 2012 WL 5198338, at *3 (S.D. Miss. Oct. 19, 2012).

## III. Discussion

Hawthorne asserts a claim under the ADEA, which prohibits employers from "discharg[ing] any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). A plaintiff may use either direct or circumstantial evidence to prove intentional discrimination. *See Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994). If an ADEA plaintiff relies on circumstantial evidence alone, he may prove discrimination under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996). In this case, Hawthorne asserts that he has both direct and

circumstantial evidence of discrimination sufficient to withstand TT&E's motion.

"Direct evidence is evidence that, if believed, proves the fact of intentional discrimination without inference or presumption." *Woodhouse*, 92 F.3d at 252 (citing *Portis*, 34 F.3d at 328–29). Where, as here, a plaintiff offers age-related comments as direct evidence of discrimination, the Fifth Circuit "appl[ies] a four-part test to determine whether they are sufficient to overcome summary judgment." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012). Under this test, "[r]emarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the termination; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."[3] *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996) (cited in *Reed*, 701 F.3d at 441). "If the comments fail to meet these criteria, *e.g.*, if they are vague and remote in time, or the speaker has no authority or influence over the employment decisions, they are merely 'stray remarks.'" *Curry v. Hollywood Casino Corp*., No. 2:11-CV-195-SA-SAA, 2013 WL 1291762, at *4 (N.D. Miss. Mar. 28, 2013).

The Court concludes that at least one of the statements relied upon by Hawthorne—Allen Fielder's remark, approximately one week before Hawthorne's termination, that he could not believe Hawthorne had not considered retirement "at his age"—satisfies the Fifth Circuit's test

[3]The Fifth Circuit does not appear to have directly addressed the question of whether the Supreme Court's holding in *Gross*—that an ADEA plaintiff cannot succeed if he proves merely that age was a motivating factor in his termination—impacts the analysis of direct evidence of discrimination in ADEA cases. *Gross*, 557 U.S. at 180 (holding that even where ADEA plaintiff produces direct evidence that age was a motivating factor in employment decision, burden does not shift to defendant to show that it would have taken the action regardless of age); *cf. Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (explaining that in Title VII case, where employee presents direct evidence that discriminatory animus "at least in part motivated" adverse employment action, burden shifts to employer to prove that the same decision would have been made absent discrimination). Absent some further clarification from the Fifth Circuit, this Court will follow the four-part test to overcome summary judgment reaffirmed post-*Gross* in *Reed*.

to overcome summary judgment. First, the comment specifically referenced Hawthorne's age and was therefore age related. Second, the comment preceded Hawthorne's termination by one week, making it sufficiently proximate in time to the termination. Third, Allen Fielder, the company's vice-president, wrote and signed the termination notice that ended Hawthorne's employment just one week after making the comment about Hawthorne's age, and therefore had authority over the employment decision. *See* Allen Fielder Dep. 45–46 (explaining that the decision to terminate Hawthorne was made by "Mr. Fielder[] and myself"); J.W. Fielder Dep. 39–41 (stating that he decided Hawthorne should be terminated during the March 29 meeting and explaining that Allen Fielder drafted the termination notice but J.W. Fielder "agreed with the content of the letter"). Finally, a reference to retirement at Hawthorne's age is related to his termination, given that the termination immediately followed Hawthorne's refusal to agree to retire. Hawthorne's evidence satisfies the *Brown* test.

TT&E argues that the comment about retirement was not sufficiently age related, relying on *Martin v. Bayland Inc.*, 181 F. App'x 422 (5th Cir. 2006). In *Martin*, the Fifth Circuit concluded that a supervisor's statement, "I think it's time to hang it up and you—for you to retire," did not constitute direct evidence of discrimination "because it requires one to infer that [the plaintiff] was fired because of his age based on [the supervisor's] comment that it was time for him to retire." *Martin*, 181 F. App'x at 423, 424. Noting that "[t]here is a link between retirement and age, but it is not a necessary one," the court concluded that the comment did not "directly implicate age." *Id.* at 424 & n.1. But a critical difference between the supervisor's comment in *Martin* and Allen Fielder's comment here is that Allen Fielder specifically referenced Hawthorne's age. As such, *Martin* is inapposite.

In sum, the Court concludes that Allen Fielder's comment about Hawthorne retiring "at his age" creates a question of fact that precludes summary judgment on Hawthorne's ADEA claim.  As such, the Court need not address whether any of the other statements Hawthorne relies upon satisfies the test for direct evidence sufficient to withstand summary judgment or whether Hawthorne overcomes summary judgment under a *McDonnell-Douglas* burden-shifting analysis. *See Curry*, *supra*, at *5 (where plaintiff successfully produces direct evidence of discrimination he may bypass the *McDonnell Douglas* burden-shifting framework and proceed immediately to the question of liability);  *Brown v. Tupelo Country Club*, 1:11-CV-19-SA-DAS, 2012 WL 4127802 (N.D. Miss. Sept. 18, 2012) ("Here, whether characterized as direct or circumstantial evidence, viewing . . . the conversation in the light most favorable to [the plaintiff], a reasonable juror could find that age was the reason for [the plaintiff's] termination. . . .  Although a very close question, a reasonable juror could conclude that [the plaintiff's] age, rather than [the defendant's] stated reasons, was the true motivation for [the] termination. Accordingly, the motion for summary judgment is denied as to this claim."); *Fortenberry v. Gulf Coast Community Action Agency, Inc.*, No. 1:06-CV-535-LG-JMR, 2007 WL 4292996, at *2 (S.D. Miss. Dec. 5, 2007) (declining to grant summary judgment where defendant had proffered evidence supporting legitimate non-discriminatory reason in face of plaintiff's direct evidence).

While the defendant has proffered what it contends are legitimate non-discriminatory reasons for the actions it took, in the face of direct evidence of discrimination, the jury, and not this Court, must weigh the evidence, consider and resolve the factual disputes and make the credibility choices.  *Curry*, *supra*, at *7.

## IV. Conclusion

The Court has considered all the parties' arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, TT&E's Motion for Summary Judgment [33] is denied.

**SO ORDERED**, this the 15th day of April, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE