UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID HAWTHORNE                                                                                               PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:11cv518-CWR-FKB

TRUCK TRAILER & EQUIPMENT, INC.                                                              DEFENDANT

ORDER

This age discrimination case is before the Court on a number of pretrial motions: Plaintiff's Combined Motion In Limine [46]; Defendant's Combined Motion in Limine [48] and Supplement to its Combined Motion in Limine [58]; Defendant's Motion for Extension of Time [52]; and Defendant's Motion for Leave to Amend Answer and Affirmative Defenses [53], Corrected Motion for Leave to Amend Answer and Affirmative Defenses [54], and Supplement to Corrected Motion for Leave to Amend Answer and Affirmative Defenses [62]. The Court, having considered the motions, as well as the arguments of counsel during the pretrial conference, rules as follows.

I.     **Defendant's Motion for Leave to Amend [53], Corrected Motion for Leave to Amend [54], and Supplement to Corrected Motion for Leave to Amend [62]**

On June 7, 2013—nearly 18 months after the deadline for motions to amend the pleadings set by the original Case Management Order—Defendant first moved to amend the answer to add the affirmative defense of failure to mitigate damages. Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)(B). But when leave to amend is sought after the expiration of the court-ordered deadline contained in the CMO, under Rule 16, the movant must establish good cause for the modification of the deadline. Fed. R. Civ. P. 16(b)(4); *see Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). In assessing good cause, the Court considers the

following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co.*, 346 F.3d at 546 (citation omitted).

Defendant claims that it did not know it had a viable mitigation defense until it deposed Plaintiff on the final day of discovery. But Defendant's failure to discover this defense earlier rests solely on its shoulders, given that it appears to have propounded no discovery until the final week of the discovery period. Under these circumstances, the Court is inclined to deny the amendment for the reasons set forth in *EEOC v. Landau Uniforms, Inc.*, 287 F.R.D. 385 (N.D. Miss. 2013). Moreover, with the exception of anecdotal evidence that Plaintiff failed to apply for one particular job that was ultimately awarded to another former TT&E employee, the Court is unsure that Defendant even has any admissible evidence on the mitigation issue—an issue as to which it would have the burden of proof at trial. *See Landau Uniforms, Inc.*, 287 F.R.D. at 387 (describing the need "to establish which if any substantially equivalent jobs existed that defendant contends plaintiff failed to reasonably acquire" including the possible necessity for expert testimony "on the subject of job opportunities of substantially equivalent character in the market"). At this time, the Court will deny without prejudice the motion to amend. Defendant may re-urge the motion in advance of trial but is cautioned that it bears the burden of establishing good cause under the factors enumerated above and should be prepared to make a proffer as to the evidence it would adduce to satisfy its burden on the affirmative defense.

## II. Plaintiff's Motion in Limine [46]

### A. Employee Data

Plaintiff seeks to exclude from the evidence introduced at trial a chart produced after the close of discovery described by Defendant as compiling "data concerning employees at TT&E including dates of hire and dates of birth . . . as of December 31, 2012." Pl.'s Mot. [46] Ex. A. Because the Court agrees with Plaintiff that the employee data is not relevant, Plaintiff's motion is granted on this point.

Under the Federal Rules of Evidence only relevant evidence is admissible. Fed. R. Evid. 402. And Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" if "the fact is of consequence in determining the action." Fed. R. Evid. 401. In this case, the ultimate question before the jury is whether age was the but-for cause of Plaintiff's termination. That Defendant has not terminated other persons within the class protected by the ADEA is not probative of whether Plaintiff's termination was because of his age. *See EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1185 (5th Cir. 1996) ("The probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination."); *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 124 ("Particularly in age discrimination cases where innumerable groupings of employees are possible according to ages and divisions within the corporate structure, statistics are easily manipulated and may be deceptive."). This is particularly true given that Plaintiff here offers direct evidence of discrimination in the form of discriminatory comments. The statistical data here is not relevant and therefore inadmissible.

**B.     Retired and Rehired Employees**

Plaintiff seeks to exclude any references to Ken Reinhardt and Carl Dukes, two former TT&E employees "who retired after many years of service and were rehired later." Pl.'s Mot. [46] Ex. A. Nothing in the record before the Court explains who these gentlemen were, what positions they occupied within TT&E, when they retired or were rehired, or the circumstances of their retirement and rehiring. But even if all of those missing pieces were present, as with the employee data, the Court does not see the relevance to the question of whether Plaintiff was terminated because of *his* age. Simply, the fact that TT&E did not discriminate against Reinhardt or Dukes on account of their age does not make it more or less likely that TT&E terminated Plaintiff because of his age. Reinhardt and Dukes are irrelevant, and Plaintiff's motion is granted on this point.

**C.     Roberts's Memo**

Plaintiff next seeks to exclude a document created by Plaintiff's replacement, Alan Roberts, detailing process improvements Roberts claims to have made to the position, along with any testimony related to the document or any alleged improvements. The document was produced after the close of discovery and was not created until after Plaintiff left his employment with Defendant. Plaintiff argues that the document is irrelevant because "the process improvements" made by Roberts were not "known by Defendant at the time of [Plaintiff's] termination, . . . requested of [Plaintiff]," and did not bear "any relation to the decision to terminate Plaintiff." Pl.'s Mem. [47] at 8. The Court agrees that a document created post-termination is not relevant to the question of whether age was the but-for cause of Plaintiff's termination. Roberts's memorandum is therefore excluded.

However, Defendant will be permitted to offer testimony that it wanted to go in a different direction with Plaintiff's position, and that testimony could include testimony by Roberts as to what he did to evaluate the job and assess what changes could or should be made. Counsel may seek further clarification of this ruling in advance of the presentation of testimony on this matter.

### D. Evidence of Mitigation

Plaintiff seeks to exclude any evidence regarding Plaintiff's failure to mitigate damages because Defendant has not pleaded mitigation as an affirmative defense. For the same reasons it has denied the motion to amend without prejudice, the Court grants this portion of Plaintiff's motion. In the event the Court reconsiders its ruling on the motion to amend, it will consider any evidence of mitigation at that time.

### III. Defendant's Motion in Limine [48] and Supplement to Motion in Limine [58]

#### A. Plaintiff's Expert

Defendant seeks to exclude testimony by Plaintiff's expert, economist Dr. Carl G. Brooking, because the damages calculations to be offered by Brooking "do not involve 'scientific, technical, or other specialized knowledge' requiring expert opinion testimony." Def.'s Mem. [49] at 3 (citing Fed. R. Evid. 702). But this argument is a *Daubert*-based challenge to Brooking's testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). As such, under the Case Management Order, the motion to exclude Brooking's testimony should have been filed on or before February 15, 2013. CMO [24] ¶ 8. Defendant did not move to exclude Brooking until May 31, 2013—more than three months too late. For this reason alone, Defendant's motion would be denied.

But the motion is due to be denied for the additional reason that, contrary to Defendant's argument, the information regarding Hawthorne's work-life expectancy and calculations regarding fringe benefits and the present value of future sums "will help the trier of fact to understand the evidence [and] to determine a fact in issue." Fed. R. Evid. 702(a).

Finally, Defendant argues that Brooking's supplemental report, which takes into account the fact that Plaintiff gained employment in February 2013 and was served on June 5, 2013—after the close of discovery on February 1, 2013—should be excluded as untimely. Federal Rule of Civil Procedure 26(a)(2)(E) requires a party to supplement expert disclosures "when required under Rule 26(e)," which, in turn, provides that such supplementation "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(a)(2)(E), 26(e). And while Rule 26(a)(3) requires only that pretrial disclosures "be made at least 30 days before trial," Local Rule 26(a)(5) mandates that supplemental disclosures be made "no . . . later than the discovery deadline established by the case management order." L. U. Civ. R. 26(a)(5). Under these rules, the supplementation may have been technically late, but the Court will allow it for three reasons. First, parties are under an "*ongoing* duty to supplement expert reports" and when there are additions or changes to the report, they must tender them to the opposing side. *Welch v. Loftus*, No. 3:09cv782-CWR-FKB, 2011 WL 2532506, at *1 (S.D. Miss. June 24, 2011) (quoting *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 909 (5th Cir. 2010)). Second, Plaintiff did not obtain employment until after the close of discovery, so the supplementation could not have been made in a timely fashion. And, third, while Plaintiff should have supplemented sooner than he did, Defendant has not established prejudice as a result of the late disclosure. Indeed, the supplementation lowers Defendant's liability exposure by

taking into account the fact that Plaintiff has obtained employment. Because the untimely supplementation is harmless, it will be permitted. *See* Fed. R. Civ. P. 37(c)(1). Defendant's motion is denied as to Brooking.

### B. Front Pay

Defendant argues that because front pay is an equitable issue to be decided by the Court, evidence of front pay damages should be excluded. *See Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award."). Plaintiff asserts that "[i]n order for the Court to consider . . . front pay, evidence [thereof] must be submitted during the course of trial." Pl.'s Resp. [51] at 4. Perhaps in recognition of this difficulty, the Fifth Circuit has approved using the jury in an advisory fashion under Federal Rule of Civil Procedure 39(c) on this question. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 728 n.25 (5th Cir. 2002). "Given the speculative nature of front pay damages and that '[t]he courts must employ intelligent guesswork to arrive at the best answer,' the Court will use the jury as an advisory jury under Rule 39(c) to determine front pay damages. The Court recognizes, however, that it alone determines the availability and the appropriate amount of front pay damages." *McCoy v. Orleans Parish Sch. Bd.*, No. 02-2510, 2004 WL 856638, at *2 (E.D. La. Apr. 19, 2004) (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991)). Defendant's motion on this point is denied without prejudice to Defendant's right to take the issue up again prior to trial or before any damages evidence is presented to the jury.

### C.     Emotional Distress

Defendant seeks to exclude "any evidence as to how [Plaintiff's] separation from TT&E affected him, mentally, emotionally, or physically." Def.'s Mem. [49] at 5. Plaintiff concedes that he "does not seek damages for emotional distress, mental anguish or mental pain and suffering," but asserts that he "should not be restricted from testifying to the effect his termination had on his mental, emotional or physical person." Pl.'s Resp. [51] at 5. Plaintiff does not explain the relevance of any proposed testimony, and the Court concludes that any evidence of any emotional distress is inadmissible. *See Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 208 (5th Cir. 1986) ("Damages for pain and suffering are not recoverable under the ADEA, and evidence concerning such suffering *is not admissible* in a case brought only under the Act.") (emphasis added); *see also Smith v. Berry Co.*, 165 F.3d 390, 396 (5th Cir. 1999) (explaining that damages for mental pain and suffering "are not available on the age discrimination claim"). This portion of Defendant's motion is granted.

### D.     Prior Convictions

Defendant seeks to exclude evidence of the past convictions of Allen and J.W. Fielder for violations of the Clean Water Act. According to the docket sheet in the criminal case against them, the Fielders pled guilty to conspiracy charges on January 31, 2002, and were sentenced on May 9, 2002. Allen was sentenced to 6 months home confinement and 2 years of supervised release, while J.W. was sentenced to 12 months and 1 day imprisonment, with a self-report date of July 1, 2002, to be followed by 2 years supervised release. Defendant asserts that J.W.'s prison term "ended on or around July 2, 2003." Def.'s Mem. [49] at 6.

Plaintiff asserts that the convictions are admissible under Federal Rule of Evidence

602(a)(2) because the crimes to which the Fielders pleaded guilty involved "a dishonest act or false statement." Fed. R. Evid. 602(a)(2). Defendant argues that, because the Fielders' "release from confinement" occurred more than 10 years before the date of trial, the convictions should be excluded under Rule 602(b). The difficulty is that the record before the Court is not clear on either point.

First, it is not apparent from the record before the Court precisely what crime the Fielders were convicted of so that the Court can assess the elements thereof under Rule 602(a)(2). Plaintiff will therefore be given an opportunity to make a showing of the elements and how Rule 602(a)(2) is met. As to when the Fielders ended their confinement, neither party has addressed the extent to which the Fielders' supervised release should be considered part of their confinement for purposes of Rule 609(b). *Compare United States v. Wood*, No. 3:08cr26, 2008 WL 5094888, at *5 (E.D. Tenn. Nov. 25, 2008) ("Defendant Wood's supervised release for his bank robbery conviction was not set to expire until 2001[, which is] well within the ten year limitation contained in Rule 609(b)."), *with United States v. Infelise*, No. 90cr87, 1991 WL 152532, at *8 (N.D. Ill. July 30, 1991) ("While it is true that Infelise was on supervised release for a period [after his release from incarceration], defendants have not cited any cases which hold that supervised release is considered 'confinement' for purposes of Rule 609(b)."). Finally, it is not clear whether Plaintiff complied with Rule 609(b)(2) and provided "reasonable written notice of the intent to use" the convictions. Therefore, the Court defers ruling on this portion of Defendant's motion and will hear further argument on these points before the matter arises at trial.

### E. Mrs. Hawthorne's Hearsay Testimony

Defendant seeks to exclude any hearsay testimony that might be provided by Mrs. Hawthorne. Plaintiff states that he does not intend to call Mrs. Hawthorne as a witness at trial, so this portion of Defendant's motion is denied as moot.

### F. Remote Comment

Finally, Defendant seeks to exclude evidence that, about a year before Plaintiff's termination, Allen Fielder told Plaintiff that he wanted to work with people his own age. Defendant asserts that the statement is "unduly prejudicial and is too remote in time to constitute direct evidence of discrimination." Def.'s Mem. [49] at 8. Defendant relies on the Fifth Circuit's recent decision in *Katseanes v. Time Warner Cable, Inc.*, in which the court affirmed the district court's exclusion of comments similar to the comment at issue here. No. 12-40517, 2013 WL 586790 (5th Cir. Feb. 6, 2013). The Fifth Circuit noted that the district court "excluded the testimony based on cases that construed similar language as insufficient evidence of discrimination," and held that the district court "acted within its discretion" in so ruling. *Katseanes*, 2013 WL 586790, at *4.

Defendant is correct that if the comment at issue were the only evidence of age discrimination, it would be both inadmissible and insufficient. But in this case, the remark was one of several comments made by the decision-maker that referenced age. Plaintiff asserts that Defendant began to take steps to replace Plaintiff within months of making the remark at issue, making the comment less remote than it otherwise appears to be. Under these circumstances, the Court finds that the comment is "appropriate additional circumstantial evidence of age discrimination because [its] content indicates age animus and the speaker . . . was primarily

10

responsible for [Plaintiff's] termination." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000). Defendant's motion on this point is denied.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Combined Motion In Limine [46] is granted in part and denied in part; Defendant's Combined Motion in Limine [48] and Supplement to its Combined Motion in Limine [58] are granted in part and denied in part; Defendant's Motion for Extension of Time [52] is granted; and Defendant's Motion for Leave to Amend Answer and Affirmative Defenses [53], Corrected Motion for Leave to Amend Answer and Affirmative Defenses [54], and Supplement to Corrected Motion for Leave to Amend Answer and Affirmative Defenses [62] are denied without prejudice.

**SO ORDERED**, this the 26th day of June, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
